

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2007

# Griffin v. De Lage Landen Fin

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1090

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Griffin v. De Lage Landen Fin" (2007). *2007 Decisions.* Paper 1492.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1492

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1090

STACY A. GRIFFIN,
                                    Appellant

v.

DE LAGE LANDEN FINANCIAL SERVICES, INC.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 04-cv-5352
(Honorable Timothy R. Rice)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 2, 2007

Before:  SCIRICA, *Chief Judge*, McKEE and NOONAN[*], *Circuit Judges*.

(Filed March 13, 2007)

OPINION OF THE COURT

[*]The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth Judicial Circuit, sitting by designation.

NOONAN, *Circuit Judge*.

Stacy Griffin ("Griffin") appeals a motion for a directed verdict in favor of De Lage Laden Financial Services ("DLL") in her sex discrimination suit under Title VII. 42 U.S.C. § 2000e et. seq. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

There is no disputing that Griffin worked with a miscreant who happened to be her ex-boyfriend: Alex Ortega ("Ortega"). Ortega assaulted Griffin at her home and was short with her in their interactions at work. Griffin was also, however, an unprofessional employee with a short temper. Taking the evidence in the light most favorable to Griffin, she cannot make a prima facie case on any of her three theories of gender discrimination.

## 1. Griffin failed to establish a prima facie case of sexual discrimination.

A plaintiff in a sexual discrimination case must prove that "the employer acted with discriminatory animus." *Abramson v. William Paterson College*, 260 F.3d 265, 283 (3d Cir. 2001). By her own admission, Griffin's bosses did not discriminate against her on the basis of gender. Moreover, Griffin's performance reviews both before and after the assault were below average and provide a legitimate, non-discriminatory justification for her termination.

There is no evidence that Griffin was fired because of her gender. The motion for a directed verdict on the sexual discrimination claim was proper.

## 2. Griffin failed to establish a prima facie case of a hostile work environment.

A hostile work environment claim requires "pervasive and regular" discrimination that creates an environment "severe enough to affect the psychological stability of a minority employee," both subjectively and objectively. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 (3d Cir. 1990). The *Andrews* plaintiffs, female officers in a Philadelphia police unit, were subjected to the display of pornographic materials, the regular use of sexist slurs, the stealing of work files, vandalism of personal property, anonymous threatening phone calls at home, and the use of a burning agent on their clothes. *Id.* at 1472-74.

Taking Griffin's version of the facts, her work environment did not display the level of severe and pervasive harassment exhibited in *Andrews*. Griffin provided no evidence that Ortega was sabotaging her or asking others to write bad performance reviews about her. Griffin's evidence that she was left out of eight meetings over two-and-a-half years does not give rise to an inference of "severe and pervasive" harassment.

The motion for a directed verdict on the hostile work environment claim was properly granted.

### 3. Griffin failed to establish a prima facie case of retaliation.

"[T]o advance a prima facie case of retaliation, a plaintiff must show that: (1) the employee engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and

(3) a causal link exists between the employee's protected activity and the employer's adverse action." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000). When a long time has passed between the protected activity and the adverse event, the plaintiff needs to show intervening antagonism or retaliatory animus. *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 503-04 (3d Cir. 1997).[1]

Here, the protected activities were Griffin's conversations with DLL about the assault, and the adverse action was her termination two-and-a-half years later. Given the time lapse, *Krouse* requires Griffin to show intervening gender-based antagonism. She has failed to show that any bad relationships at work arose because of her gender, as discussed *supra*. She admitted that she had no evidence supporting the allegation that Ortega conspired to have other employees write bad performance reviews about her. She also admitted that her problems with co-workers were the result of her behavior.

The motion for a directed verdict on Griffin's retaliation claim was properly granted.

## 4. The district court did not abuse its discretion in excluding certain evidence.

Griffin argues that the district court wrongfully excluded evidence about her credibility. Her proffered evidence requires a chain of inferences so attenuated that the evidence has no probative value: she sought to (1) introduce evidence of other

---

[1]While *Krouse* concerned a suit under the ADA, the analysis "uses the same framework we employ for retaliation claims arising under Title VII." *Id.* at 500.

employees' views of the adequacy of DLL's investigation, because (2) these views might have led those employees to disbelieve the existence of the assault, which would then (3) have undercut Griffin's credibility in general, which would ultimately (4) have contributed to the alleged discrimination and hostile work environment. Even if the evidence were probative of credibility, however, it would fail to establish that this loss of credibility was due to Griffin's gender, as Title VII requires. The district court did not abuse its discretion in excluding Griffin's proffered credibility evidence.

The exclusion of extrinsic evidence of the details of the assault was also proper. Evidence that the assault itself occurred was permitted. Details of the incident would have added nothing to the case, since Griffin's claim concerned not the assault itself but the discrimination, hostile work environment, and retaliation it supposedly engendered. Details of the assault could not remedy the infirmities of Griffin's prima facie Title VII claims and would have been highly prejudicial.